1. COURTS—SURROGATE'S COURT—JURISDICTION—ACTS WITHOUT JURISDICTION.
　　Where time to appeal from an order of a surrogate assessing property for a transfer tax without jurisdiction has expired, he has power on motion to vacate the same.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 158.]

2. TAXATION—TRANSFER TAX—PROCEDURE.
　　Testator died in 1888, at which time his estate was liable for taxation, under Laws 1885, p. 820, c. 483, as amended by Laws 1887, p. 921, c. 713. The collateral inheritance tax act and all amendments thereto were repealed by Laws 1892, p. 814, c. 399. *Held*, that an order made in 1900, assessing transfer tax on such estate in a proceeding begun in 1898 under Laws 1896, p. 868, c. 908, art. 10, as amended by Laws 1897, p. 150, c. 284,

prescribing the procedure only in ascertaining the amount of the transfer tax, was within the jurisdiction of the surrogate.

3. SAME—TRANSFER TAX—STATUTES—REPEAL.

Collateral Inheritance Tax Act, Laws 1885, p. 820, c. 483, and amendments thereto, were repealed by Laws 1892, p. 814. c. 399, without any saving clause. *Held,* that the act of 1885 continued in force by Statutory Construction Law, Laws 1892, p. 1492, c. 677, § 32, providing that any chapter of the revision, so far as it is substantially the same as laws existing at the time the chapter takes effect, shall be construed as a continuation of such laws, and not as new enactments.

4. INFANTS—TRANSFER TAX—APPOINTMENT OF SPECIAL GUARDIAN.

Where an appeal was taken from a taxation of legacies, the omission to appoint special guardians for infant legatees pending the appeal did not take away the jurisdiction of the surrogate to tax the legacies, where on the first hearing before the appraisers the legatees were represented by an attorney and had a general guardian.

In the matter of the transfer tax of the estate of John D. Jones. Motion by Charles and Clara Williams to set aside order of court assessing tax. Motion denied.

Josiah Perry, for infant legatees Charles and Clara Williams.

David E. Powers, for State Comptroller.

SEXTON, S. It appears that said John D. Jones died at Utica, N. Y., November 8, 1888, and was then a resident of Oneida county, N. Y., leaving a will which was probated January 20, 1889, in which Charles and Clara Williams were named as legatees in the amount of $2,000 and $1,000, respectively. On July 5, 1898, an order was made by the surrogate appointing Mr. A. J. Dutcher appraiser to tax the market value of the estate of said John D. Jones at the time of his death, subject to the payment of the tax. August 26, 1898, the time of the hearing before the appraiser, the administrator and Charles and Clara Williams appeared by attorney Josiah Perry who, on behalf of said Charles and Clara Williams, made the following objection to the jurisdiction of the appraiser:

"Charles and Clara Williams object to these proceedings and the right of the appraiser to make this appraisal, on the ground that the appraisal should have been made immediately or within a reasonable time after the death of decedent, under the provisions of chapter 713, p. 921, Laws of 1887, and that the appraiser has now no jurisdiction to make the appraisal."

On May 29, 1900, an order was entered and signed by the surrogate, fixing the cash value of the legacy of Charles Williams, then 19 years of age, at $2,000, and cash value of the legacy of Clara Williams, age 17, at $1,000, which order contained the following provisions in regard thereto, to wit:

| "Beneficiaries. | Cash Value. | Tax. |
| --- | --- | --- |
| "Charles Williams, aged 19 years | $2,000 00 | |
| "Clara Williams, aged 17 years | $1,000 00 | |

"That the tax on each of the above legacies is hereby suspended until each of the legatees attain the age of 21 years, respectively.

"If Charles Williams lives to attain the age of 21 years, and is of temperate habits, said legacy of $2,000 passes to him and is taxable all at 5 per cent. If he dies before attaining the age of 21 years, or is not of temperate habits upon attaining said age, said legacy passes equally to testator's sister and two brothers, and is not taxable.

"If Clara Williams lives to attain the age of 21 years, said legacy of $1,-000 passes to her, and is taxable all at 5 per cent. If she dies before attaining the age of 21 years, said legacy passes equally to testator's sister and two brothers and is not taxable.             F. M. Calder,

"Surrogate."

It is sought, on this application, to have the order containing the foregoing provision declared null and void on the ground that the court was without jurisdiction. (1) Because the proceeding to tax was not instituted immediately, or within a reasonable time, after the death of decedent under chapter 713, p. 921, Laws 1887; (2) that the Laws of 1896, under which the tax proceeding was conducted, repealed all laws prior thereto, including the statute under which the estate was taxable. Hence the surrogate was without jurisdiction to make said order, assessing the tax, on May 29, 1900; and (3) that no special guardian was appointed on the hearing for the infants whose legacies were taxed prior to entering of said order of May 29, 1900. The proper remedy for the relief sought is by motion. Cluff v. Tower, 3 Dem. Sur. 253.

The surrogate has power to vacate so much of the decree of his court as was made without jurisdiction, after time to appeal therefrom has expired. Matter of Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111, affirmed Coogan v. Morgan, 162 N. Y. 613, 57 N. E. 1107. The testator died November 8, 1888, and chapter 713, p. 921, Laws 1887, fixed the rights of all interested parties upon the subject of transfer tax. In a proceeding instituted July 5, 1898, chapter 908, art. 10, p. 868, Laws 1896, as amended by chapter 284, p. 150, Laws 1897, governed and prescribed the method of procedure only in ascertaining the amount of the transfer tax. Matter of Sloane, 154 N. Y. 109, 47 N. E. 978. The point is made that the surrogate should have proceeded immediately, or within a reasonable time, after the death of the testator, under chapter 713, p. 921, Laws 1887, to ascertain the amount of the tax, if any. By section 13, c. 713, p. 924, Laws 1887, under which the estate was taxable, the surrogate is authorized to "appoint some competent person as appraiser as often as, and whenever occasion may require," etc. The same language is used in section 11, c. 399, p. 818, Laws 1892, and in section 230, c. 908, p. 874, Laws 1896. The appraisal was made under Laws 1896. In construing section 11, c. 399, p. 818, Laws 1892, the Court of Appeals held that the section contained no general limitation of time; that the time when a surrogate shall appoint an appraiser and proceed is a matter of sound discretion. Matter of Westurn, 152 N. Y. 93, 46 N. E. 315.

The second point is not well taken. While chapter 399, p. 814, Laws 1892 (in effect May 1st of that year), repealed the act of 1885 and all amendments thereto, and without any saving clause in the repealing act itself, still the tax law has been continuously in force to the present time since 1885, because of the statutory construction law (chapter 677, p. 1485, Laws 1892), in effect May 18th of that year. Section 32 of that law is destructive of the point made, and reads as follows:

"The provisions of any chapter of the revision of the general laws, of which this chapter is a part, so far as they are substantially the same as those of laws existing at the time such chapter takes effect, shall be construed

as a continuation of such laws modified or amended according to the language employed in such provisions, and not as new enactments. References in laws not repealed to provisions of law which are not incorporated into any such chapter and repealed shall be construed as applying to the provisions so incorporated."

Section 31 of said law provides for the continuing in force of all proceedings pending at the time of the repeal of any law, which might otherwise affect them.

The remaining point to be considered is whether a special guardian should have been appointed by the surrogate for the infant legatees, pending the appraisal, in order to acquire jurisdiction to tax their legacies. I hold upon the facts and record in this particular case that such an omission was not destructive of jurisdiction. The statutes were silent upon the subject until the enactment of chapter 672, p. 1481, Laws 1899, which seems to provide that, after the assessment or determination of the value of the estate, and the assessment of the tax, etc., "if, however, it appears at this stage of the proceedings" that an interested party is an infant whose interest is adverse to that of other interested persons, the surrogate shall appoint a special guardian; but an infant over 14 years of age, or any one on his behalf, may apply for the appointment of a special guardian "at any stage of the proceedings." The expression "this stage of the proceedings" must be read to be understood in connection with what precedes it. The expression has reference to time in the proceeding, and undoubtedly means the time when the surrogate's order, upon the report of the appraiser, is entered, determining the tax, and not at the inception of or during the pendency of the proceeding. If the Legislature meant otherwise, they would have used the clear and expressive language employed in closing the paragraph on this subject, "at any stage of the proceeding."

Further evidence of this legislative intent is found in chapter 368, § 231, p. 839, Laws 1905, where a paragraph upon the subject of appointing special guardians begins, "If, however, at any stage of the proceedings," etc., "the surrogate may," and concludes with the same words as in the statute of 1899, indicating its belief that the expression "this stage of the proceedings" gave the surrogate no authority to appoint a special guardian at the inception of the proceedings, or its pendency, except upon the application of an infant over fourteen years of age, or of some one on his behalf when under 14 years of age. In the case under consideration no such application was ever made by any one, and, at the inception of these proceedings, under the Laws of 1896, there was no provision of law therefor.

The appraiser's report shows that the order assessing and fixing the tax was filed May 29, 1900, at which time the legatees taxed, Charles Williams and Clara Williams, were, respectively, 19 and 17 years of age, and that on the first hearing before the appraiser they were represented by their attorney, Josiah Perry, and at that time had a general guardian, George E. Davis; that Charles Williams reached legal age in March, 1901, and Clara Williams in October, 1903. There being no jurisdictional defect in these proceedings, and no appeal having been taken within 60 days, as provided by the statute of 1896, the appraise-

ment or assessment and determination of the tax in this estate is now conclusive upon all interested parties. Hence, the motion to vacate the surrogate's order of May 29, 1900, must be denied, with costs.

Motion denied, with $10 costs.